dated January 25, 2010, stating, in relevant part, "EEG results of 1/7/10 are normal. The patient is able to return to work full duty."

35. On or about May 19, 2010, the Medical Board of the Police Pension Fund denied Fletcher's request for reinstatement, declining to give any weight to the individualized medical reports he submitted which showed that he was medically qualified to perform the job.

36. The Medical Board failed to conduct any individualized assessment to determine whether Fletcher could perform his job with or without a reasonable accommodation. The Board concluded that Fletcher's status as a person with a seizure disorder and/or taking anticonvulsant medication disqualified him from employment with the NYPD.

37. Members of the Medical Board stated at the March 17, 2010 hearing that "one of the potential side effects of Phenytek is drowsiness and … [Fletcher] could be a danger to himself and to his partner or to the public if the medication produced its side effect." The statement was made in support of the defendants' decision to deny Fletcher's reinstatement.

38. Upon information and belief, defendants continue to employ in active status detectives and police officers with hyptertension and heart conditions, and those who take medication to treat such conditions.

39. Upon information and belief, potential side effects of medications used to treat hypertension and heart conditions include drowsiness.

40. Upon information and belief, white officers diagnosed with seizure disorder, or who take anticonvulsant medications, continue to be employed in full-duty status by the NYPD.

41. The determination of defendants to put Fletcher on restricted duty, to terminate his employment, and to deny reinstatement to full duty were a pretext for unlawful discrimination based on disability and race.

6

42. Upon information and belief, it is NYPD policy and practice to place African-American individuals diagnosed with seizure disorder, or those who take anticonvulsant medications, on limited duty, restricted duty and/or to terminate their employment.

43. Upon information and belief, it is NYPD policy and practice not to engage in an individualized assessment of the ability of individuals diagnosed with seizure disorder or those who take anticonvulsant medications to perform their NYPD jobs with or without a reasonable accommodation.

44. Upon information and belief, it is NYPD policy and practice not to engage in an interactive dialogue to determine what, if any, reasonable accommodation is needed by individuals diagnosed with seizure disorder or those who take anticonvulsant medications.

45. Upon information and belief, it is NYPD policy and practice that individuals diagnosed with seizure disorder are not eligible for employment with the NYPD.

46. Upon information and belief, it is NYPD policy and practice that individuals who take anticonvulsant medication are not eligible for employment with the NYPD.

47. The defendants' conduct in placing Fletcher on limited, then restricted duty; in failing to reinstate him to active duty; in failing to determine reasonable accommodations needed, if any; and in terminating his employment, are discriminatory and retaliatory in violation of Section 504 of the Rehabilitation Act of 1973, Section 1981, and the New York City HRL.

48. As a result of the foregoing discrimination and retaliation, plaintiff suffered, and continues to suffer, a loss of the salary and the benefits that would have been afforded him, and severe humiliation and emotional distress.

49. Among other things, Fletcher seeks the following relief: monetary redress, lost property, loss of income, damages for mental and psychological pain and suffering and punitive

damages, and attorneys' fees and costs. Plaintiff also seeks permanent injunctive relief against respondents related to their conduct.

### FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DISCRIMINATION AND RETALIATION BASED ON DISABILITY UNDER SECTION 504

50. Plaintiff repeats and re-alleges the allegations in paragraphs 1- 49 as if fully set forth herein.

51. By reason of the foregoing, defendants discriminated against and retaliated against plaintiff on account of his disability and protected activity by failing to conduct any individualized assessment of whether Fletcher could perform his job with or without a reasonable accommodation; by placing plaintiff on limited, then restricted duty; by continuing to subject plaintiff to desk duty despite repeated requests for reinstatement to active duty; and by terminating plaintiff's employment, all in violation of Section 504.

52. As a result of defendants' willful, knowing, and intentional discrimination and retaliation, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits, and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

### SECOND CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DISCRIMINATION AND RETALIATION BASED ON RACE UNDER SECTION 1981

53. Plaintiff repeats and re-alleges the allegations in paragraphs 1- 52 as if fully set forth herein.

54. By reason of the foregoing, defendants discriminated against and retaliated against plaintiff on account of his race and protected activity by placing plaintiff on limited, then restricted duty; by continuing to subject plaintiff to desk duty despite repeated requests for

reinstatement to active duty; and by terminating plaintiff's employment, all in violation of Section 1981.

55. As a result of defendants' willful, knowing, and intentional discrimination and retaliation, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits, and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

### THIRD CLAIM FOR RELIEF AGAINST ALL DEFENDANTS FOR DISCRIMINATION AND RETALIATION BASED ON DISABILITY AND RACE UNDER THE NYC HRL § 8-107

56. Plaintiff repeats and re-alleges the allegations in paragraphs 1-55 as if fully set forth herein.

57. By reason of the foregoing, defendants discriminated against and retaliated against plaintiff on account of his disability, race and protected activity by failing to conduct any individualized assessment of whether plaintiff could perform his job with or without a reasonable accommodation; by placing plaintiff on limited, then restricted duty; by continuing to subject plaintiff to desk duty despite repeated requests for reinstatement to active duty; and by terminating plaintiff's employment; and all defendants condoned and acquiesced in such actions and failed to take corrective action, all in violation of the NYC HRL § 8-107.

58. As a result of defendants' willful, knowing, and intentional discrimination and retaliation, plaintiff sustained substantial losses in earnings, future pecuniary losses and benefits, and has suffered and continues to suffer humiliation, mental and physical distress, and anguish.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment in plaintiff's favor and against defendants, containing the following relief:

    A.    A declaratory judgment that the actions, conduct and practices of defendants complained of herein violate the laws of the United States, and the City of New York;

    B.    An injunction and order permanently restraining defendants from engaging in such unlawful conduct;

    C.    An order directing defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

    D.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all monetary and/or economic damages, including but not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

    E.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

    F.    An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

    G.    An award of damages for any and all other monetary and/or non-monetary losses suffered by plaintiff in an amount to be determined at trial, plus prejudgment interest;

    H.    An award of punitive damages;

    I.    An award of costs that plaintiff has incurred in this action, as well as plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

    J.    Such other and further relief as the Court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL CLAIMS FOR RELIEF**

Dated: New York, New York
      February 7, 2011

                                        CONOVER LAW OFFICES
                                        Attorneys for Plaintiff

                                        */s/ Molly Smithsimon*
                                        Molly Smithsimon
                                        Bradford D. Conover
                                        75 Rockefeller Plaza (20th Floor)
                                        New York, New York 10019
                                        (212) 588-9080